UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LADEAN LAVICE FOSTER,

      Plaintiff,

v.                                      Case No:  6:15-cv-819-Orl-41TBS

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.
_____

### REPORT AND RECOMMENDATION

Plaintiff Ladean Lavice Foster brings this action pursuant to the Social Security Act ("Act"), as amended, 42 U.S.C. §§ 405(g) and 1383(c), to obtain judicial review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her claim for supplemental security income under the Act (Doc. 1; Tr. 24).   The Commissioner has answered, generally denying the material averments in Plaintiff's complaint (Doc. 11).

Pending before the Court is the Commissioner's Motion for Entry of Judgment with Remand (Doc. 12).   The Commissioner requests that the case be remanded pursuant to 42 U.S.C. § 405(g) so that the administrative law judge can "further evaluate Plaintiff's residual functional capacity and if necessary, obtain evidence from a vocational expert." (Id., at 1).   Counsel for the Commissioner represents that he has conferred with Plaintiff's counsel, who has no objection to the motion.

The two, "exclusive methods in which district courts may remand to the Secretary are set forth in sentence four and sentence six of 42 U.S.C. § 405(g)...." Shalala v. Schaefer, 509 U.S. 292, 296,113 S.Ct. 2625, 125 L.Ed.2d 239 (1993).   Under sentence

four, "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."   Sentence six provides that "[t]he court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action...."   42 U.S.C. § 405(g).   Sentence six also allows remand at any time "upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record...."   Id.   "Immediate entry of judgment (as opposed to entry of judgment after postremand agency proceedings have been completed and their results filed with the court) is in fact the principal feature that distinguishes a sentence-four remand from a sentence-six remand."   Schaefer, 509 U.S. at 297.   The Eighth Circuit has said that "[a] substantive ruling on the merits of the case is a second factor distinguishing sentence-four from sentence-six remands.   Pottsmith v. Barnhart, 306 F.3d 526, 528 (8th Cir. 2002) (citing Melkonyan v. Sullivan, 501 U.S. 89, 98, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991)).

The Commissioner seeks remand pursuant to sentence four (Doc. 12, at 1-2). Under sentence four, the Court is empowered to reverse the decision of the Commissioner with or without remanding the cause for a rehearing.   Shalala v. Schaefer, 509 U.S. 292 (1993).   The failure of the administrative law judge to fully develop the record constitutes sufficient grounds for remand.   Brissette v. Heckler, 730 F.2d 548 (8th Cir. 1984).   A sentence-four remand may also be appropriate to allow the Commissioner to explain the basis for her administrative decision.   Falcon v. Heckler, 732 F.2d 827, 829-30 (11th Cir. 1984) (holding remand was appropriate to allow the administrative law

judge to explain the basis for the determination that the claimant's depression did not significantly affect her ability to work and treating psychologist acknowledged that claimant had improved in response to treatment and could work in a supportive, noncompetitive, tailor-made work environment).   Upon remand of the case under sentence four, the administrative law judge must review the complete case record, including any new material evidence.   Diorio v. Heckler, 721 F.2d 726, 729 (11th Cir. 1983) (finding that it was necessary for the administrative law judge on remand to consider psychiatric report tendered to Appeals Council); Reeves v. Heckler, 734 F.2d 519, 522 n. 1 (11th Cir. 1984) (holding that the administrative law judge should consider on remand the need for an orthopedic evaluation).

The Commissioner's recognition that the administrative law judge needs to further evaluate Plaintiff's residual functional capacity, and her acknowledgment that it may be necessary for the administrative law judge to obtain evidence from a vocational expert, are good grounds for remand under sentence four.   Accordingly, I respectfully recommend the Court:

1. **GRANT** the Commissioner's motion.

2. **REVERSE and REMAND** the case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g).

3. **DIRECT** the Clerk to enter judgment accordingly, terminate any pending motions, and close the file.

4. **DECREE** that the deadline to file a motion for attorney's fees pursuant to 42 U.S.C. § 406(b) shall be 30 days after Plaintiff receives notice from the Social Security Administration of the amount of past due benefits awarded.   Upon receipt of the notice,

counsel for Plaintiff should promptly email Mr. Rudy and the OGC attorney who prepared the Commissioner's answer that notice has been received.

Specific written objections to this Report and Recommendation may be filed in accordance with 28 U.S.C. § 636, and M.D. FLA. R. 6.02, within fourteen (14) days after service of this Report and Recommendation.   A party waives the right to challenge on appeal a finding of fact or conclusion of law adopted by the district judge if the party fails to object to that finding or conclusion within fourteen days after issuance of the report and recommendation containing the finding or conclusion.

**RESPECTFULLY RECOMMENDED** in Orlando, Florida on August 19, 2015.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Presiding United States District Judge
Counsel of Record